RECEIVED
IN LAKE CHARLES, LA

JUN 14 2013

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KIMBERLY SHARP DOUCET** | : | **DOCKET NO. 2:13CV00115** |
| **VS.** | : | **JUDGE MINALDI** |
| **TURNER INDUSTRIES, L.L.C.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is the defendant's Rule 12(b)(6) Motion to Dismiss ERISA Claims (Rec. Doc. 4). The plaintiff filed an Opposition (Rec. Doc. 15), along with an Amended and Supplemental Petition for Damages[1] (Rec. Doc. 22). The defendant filed a Supplemental Memorandum in Support of the Motion to Dismiss (Rec. Doc. 23) and the plaintiff filed a Reply (Rec. Doc. 24).

Rule 12(b)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965.

---

[1] A Memorandum Order (Rec. Doc. 21) issued April 15, 2013 granted leave to file the Amended and Supplemental Petition.

Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## Law

The plaintiff, Kimberly Doucet ("Doucet"), was an employee of Turner Industries Group, LLC ("Turner") from October 22, 2007 until August 11, 2011 when her employment was terminated. Doucet alleges that, at the time of her discharge, she was on approved medical leave. While on leave Doucet received short term disability benefits for approximately one and a half months. On July 28, 2011, she was notified that her benefits would not be continued. On August 1, 2011 Doucet filed her appeal for continuation of her short term disability benefits.

Doucet filed this action on November 13, 2012, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. In her Petition, the plaintiff alleges violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and ERISA arising from the termination of her employment with Turner.

Turner removed this case to this court on January 17, 2013. Turner now moves to dismiss with prejudice the plaintiff's claims under ERISA. Turner argues that not only has the plaintiff failed to state a claim upon which relief can be granted under ERISA, but the ERISA claims which she attempts to set forth are barred by the applicable statute of limitations in that the alleged conduct occurred more than one year prior to the date she filed her lawsuit.

In her Petition, Doucet alleges that the defendant violated § 502(c) of ERISA (29 U.S.C. §

1132(c).[2] See Petition, ¶¶ 1, 17, 24 . Irrespective of whether the plaintiff can establish the elements of a claim under 29 U.S.C. § 1132(c)(1) for Turner's failure to provide requested information to her, she must first establish that her claim is not barred by the statute of limitations. ERISA does not explicitly provide a statute of limitations period for actions under § 1132(c). *Hatteberg v. Red Adair Co., Inc. Employees' Profit Sharing Plan and its Related Trust*, 79 Fed. Appx. 709, 715 (5th Cir. 2003). Because there is no Fifth Circuit authority on the issue, the district court must look to analogous state law to determine the relevant limitations period. See *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir.1991).

"Because ERISA provides no specific limitations period, we apply state law principles of limitation. See *White v. Metropolitan Life Ins. Co.*, 414 Fed.App'x. 657, 658 (5th Cir. 2011); *Harris Methodist Fort Worth v. Sales Support Servs., Inc. Empl. Health Care Plan*, 426 F.3d 330, 337 (5th Cir.2005). In considering this claim the court must, under Louisiana law, determine whether it is viewed as contractual in nature, and thus governed by the prescriptive period of ten years for personal actions, or delictual in nature, and thus governed by a one year prescription. *Ames v. Ohle*, 2011-1540 (La.App. 4 Cir.,2012), 97 So.3d 386, 393; *Trinity Universal Ins. Co. v. Horton*, 33,157, p. 2 (La.App. 2 Cir. 4/5/00), 756 So.2d 637, 638.

The Louisiana Civil Code provides a one year prescriptive period for delictual actions.[3] This

---

[2] Section 502(c) provides a cause of action for civil penalties where a plan participant or beneficiary has made a written request for plan documents from the plan administrator, and the plan administrator fails to provide the documents within 30 days. 29 U.S.C. ¶ 1132(c)(1).

[3] La.Civil Code art. 3492 provides, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

3

one-year period has been applied in employment cases. For example, in *Jones v. Orleans Parish School Board,* 688 F.2d 342 (5th Cir.1982), *cert. denied,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983), the plaintiff, a black school teacher, alleged that he had been discharged unlawfully because of his race. The Fifth Circuit held that plaintiff's claim was time-barred because his alleged wrongful discharge was an "offense or quasi-offense" within the meaning of La.Civ.Code art. 3536 (now La.Civ.Code art. 3492). The court applied the one year prescriptive period to the plaintiff's case and dismissed it because more than a year had passed from plaintiff's discharge to his commencement of the discrimination action.

Louisiana courts have consistently applied this one year prescriptive period to actions for wrongful discharge. In *Arvie v.Century Telephone Enterprises, Inc.,* 452 So.2d 392 (La.App. 3d Cir.1984), the plaintiff alleged that his employer had discharged him in retaliation for filing a workmen's compensation claim. The court held that the claim was a "discrimination claim" and that the action was "barred by a one year prescription." *Id.* at 394. *See also, Dean v. Nunez,* 503 So.2d 212 (La.App. 4 Cir.1987), *cert. denied,* 506 So.2d 1229 (La.1987), (Louisiana's one year prescriptive period for delictual actions brought under the general tort article applies to a cause of action most analogous to suits under Section 1983, so that the tort prescriptive period applies to wrongful discharge suits brought in Louisiana). *Young v. Martin Marietta Corp.,*701 F.Supp. 567, 568 -570 (E.D.La.,1988).

The appropriate prescriptive period for this §502(c) action is that for delictual actions: one year. However, the plaintiff alleges that at the time her employment was terminated, an appeal for the continuation of her short term disability benefits was pending. ¶ 20 Amended and Supplemental

4

Petition.[4] Doucet alleges that her written requests for documentation continued into the first quarter of 2012 and therefore were not time-barred.

The plaintiff pursued the appeals process mandated by the benefits provider. The benefit plan in which Doucet was a participant was established and maintained pursuant to a written instrument as required by ERISA (29 U.S.C. §1102(a)(1). She was actively engaged in the administrative remedy mandated by the plan. ¶¶22-26. Amended and Supplemental Petition. Because the plaintiff is required to exhaust all administrative remedies prior to filing her claim, this extends the prescriptive period.

The court must examine the allegations contained in the complaint to determine if they are sufficient to survive a Rule 12(b)(6) motion. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (U.S., 2007), the Court formulated a "plausibility" standard that a complaint must satisfy in order to show that the pleader is entitled to relief under Rule 8(a)(2)[5]. The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement

---

[4] "20. Plaintiff first applied for short term benefits in May of 2011. Doucet repeatedly made written requests, via electronic mail and facsimile transmission to Turner and Turner's agents for documentation needed by MetLife to process her claim for disability benefits. After the denial of plaintiff's claim for short term benefits, plaintiff followed the appeal procedure required by the plan. Again, plaintiff made written requests to Turner and its agents for documentation necessary to process her appeal. Turner's refusal to supply the requested documentation in a timely manner resulted in plaintiff being without income while she was on approved leave from her employment from Turner."

[5] Though Twombly is an anti-trust case, it interprets Rule 8(a)(2) and how it applies generally.

at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]." *Twombly*, 127 S.Ct. at 1965 (emphasis added).

§ 502(c) provides a cause of action for civil penalties where a plan participant or beneficiary has made a written request for plan documents from the plan administrator, and the plan administrator fails to provide the documents within 30 days. 29 U.S.C. ¶ 1132(c)(1). This obligation is created by 29 U.S.C. ¶ 1024(b)(2), which imposes an affirmative obligation that the plan administrator must "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description ... or other instruments under which the plan is established or operated. "

To maintain a cause of action under §502(c), a plaintiff must allege that she made a written request for documentation to the plan administrator, and the plan administrator failed to respond timely. See *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990); *Wesley v. Monsanto Co.*, 710 F.2d 490, 491-92 (8th Cir. 1983). In the Amended and Supplemental Petition, the plaintiff alleges that Turner was the plan administrator of her MetLifeLong Term Disability plan; she alleges that she made a written request for documentation from the plan administrator; and she alleges that the plan administrator failed to respond to her request.

Doucet has pleaded sufficient facts to raise a reasonable expectation that discovery will reveal that the elements of the claim existed. Therefore, Turner's Motion to Dismiss will be denied.

Lake Charles, Louisiana, this 14 day of June, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE